**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| THE SMART MARKETING GROUP, INC., | ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 04 C 0146 |
| v. | ) ) | Hon. Joan B. Gottschall |
| PUBLICATIONS INTERNATIONAL, LTD. | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
AND PREJUDGMENT INTEREST**

The Smart Marketing Group, Inc. ("SMG") respectfully requests entry of judgment in its favor and against Defendant Publications International Ltd. ("PIL"), pursuant to Fed. R. Civ. P. 58(d), in the form attached. In support, SMG states as follows:

1.     On June 6, 2006, SMG filed its Amended Complaint against PIL, alleging breach of contract in Count III. (*See* Dkt. 43.)

2.     A jury trial commenced on January 26, 2009, and on February 6, 2009, the jury reached a verdict in favor of SMG on its breach of contract claim. Specifically, the Jury found that PIL breached the contract between the parties on November 18, 2003 and caused SMG $5,612,500.00 in damages as of that date.[1]  By this motion, SMG seeks prejudgment interest for the five-plus years that elapsed between the date of breach and the entry of judgment in this case.

3.     "Prejudgment interest is an element of damages – it is used to make the victim

---

[1]As the Court will recall, SMG's expert, Martin Birnbaum, calculated the value of SMG's lost profits as of the date of breach. PIL's expert employed the same methodology. In other words, the value of the profits that SMG stood to earn over the two-year term of the October 24, 2003 agreement was discounted to reflect the present value of those future earnings as of the date of breach. (*See* Plaintiff's Exhibit 83A.)

whole." *In re Oil Spill by the Amoco Cadiz,* 954 F.2d 1279, 1333 (7th Cir.1992) (awarding

prejudgment interest on lost profits damages); *BASF Corp. v. Old World Trading Co.*, 41 F.3d

1081, 1093 (7th Cir.1994) (same). "Money has a time value, and prejudgment interest is

therefore necessary in the ordinary case to compensate a plaintiff fully for a loss suffered at time

t and not compensated until t + 1, 2, 3 ... n." *Partington v. Broyhill Furniture Industries, Inc*.,

999 F.2d 269, 274 (7th Cir.1993) (affirming award of prejudgement interest on lost profits to

salesperson who was terminated pretextually). "Rules for prejudgment interest therefore usually

come from the law defining the elements of damages." *In re Amoco Cadiz*, 954 F.2d at 1333.

4.      "In diversity cases governed by *Erie*, federal courts look to state law to determine

the availability of (and rules for computing) prejudgment interest." *In re Amoco Cadiz*, 954 F.2d

at 1333. "In Illinois, there are three sources that may provide authority for an award of

prejudgment interest: (1) statute; (2) agreement of the parties; and (3) equity." *Chemetall GmbH

v. ZR Energy, Inc*., No. 99 C 4334, 2001 WL 1104604 at *14 (N.D. Ill. Sept. 18, 2001)

(awarding prejudgment interest on "the lost profits portion of the award, since that reflects lost

money on which plaintiff could earn interest.") (internal citations omitted).[2]

5.      Pursuant to the Illinois Prejudgment Interest Statute, 815 ILCS 205/2, SMG is

entitled to prejudgment interest from the date of breach, *i.e.*, November 18, 2003. Specifically,

the Statute provides in relevant part, "Creditors shall be allowed to receive at the rate of five (5)

per centum per annum for all moneys after they become due on any bond, bill, promissory note,

---

[2]Were SMG's claims under federal law, prejudgment interest would be automatically available, because prejudgment interest is "presumptively available to victims of federal law violations." *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 572 (7th Cir. 2003) (affirming award of prejudgment interest on lost profits damages). The Supreme Court has routinely held, "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award, a decision to award prejudgment interest will only be set aside if it constitutes an abuse of discretion." *General Motors Corp. v. Devex Corp*., 461 U.S. 648, 657 (1983) (affirming award of prejudgment interest on lost profits damages).

or other instrument of writing. . . ."  815 ILCS 205/2.

6.      Illinois law is clear that a "contract [is] a written instrument within the meaning of the statute."  *Kehoe v. Wildman, Harrold, Allen and Dixon,* 2008 WL 5274336 at *14 (Ill. App. Ct. 2008) ("judgment of the circuit court denying the plaintiff's motion for interest is reversed and remanded with directions to award interest under the Interest Act [back] to the date of the breach").  Therefore, if "the contract was breached," and the jury entered damages for breach of contract, "plaintiff [is] entitled to interest" which should be entered by the Court after the jury award.  *Id.*; *V.I.M. Recyclers, L.P. v. Magner,* No. 03 C 343, 2005 WL 1745657 at *20 (N.D. Ill. July 21, 2005) (awarding prejudgment interest under the Illinois Prejudgment Interest Statute on award of lost profits damages).  Where a party breaches a contract and causes lost profits damages, prejudgment interest should be awarded.  *See Cole Energy Development Co. v. Ingersoll-Rand Co.*, 913 F.2d 1194, 1203 (7th Cir. 1990) (reversing denial of prejudgment interest on lost profits damages).

7.      The Seventh Circuit addressed the apparent dichotomy in prejudgment interest awards under state and federal law in *Residential Marketing Group, Inc. v. Granite Inv. Group,* 933 F.2d 546, 549-550 (7th Cir. 1991).  In *Residential*, as here, plaintiff and defendant entered into a contract under which plaintiff acted as defendant's agent.  *Id.* at 548.  A dispute over sales commissions arose, defendant terminated the contact and plaintiff sued for damages.  *Id.*  The jury awarded damages for breach of contract in the form of lost commissions.  *Id.* at 549.  The district court awarded prejudgment interest under the Illinois Prejudgment Interest Statute.  *Id.* Defendant appealed, arguing that the damages were not liquidated and therefore prejudgment interest was unavailable.  *Id.*  The Seventh Circuit disagreed, holding that "[t]he statute does not require that the instrument of writing specify the exact amount due the creditor." *Id.*  "It is

enough if it contains a formula with reasonable accuracy." *Id.* Judge Posner concluded that "[i]n cases governed by federal law it [prejudgment interest] is presumptively available . . . there is no reason why the Illinois statute should be given a grudging interpretation, and the Illinois courts do not give it a grudging interpretation." *Id.* at 549-550. "If the amount due under a written contract is determinable . . . the plaintiff is entitled to such interest." *Residential Marketing Group,* 933 F.2d at 549 -550.

8.      Prejudgment interest should be awarded even if the amount of damages requires legal or judicial determination. *Fabe v. Facer Ins. Agency, Inc.,* 773 F.2d 142, 146 (7th Cir. 1985). In *Fabe*, plaintiff was a sales agent for defendant, who claimed it was owed commissions pursuant to the agency contract. *Id.* at 145. Judgment was entered in favor of plaintiff on his contract claim and the district court awarded prejudgment interest. *Fabe,* 773 F.2d at 145. On appeal, defendant claimed that prejudgment interest was improper because plaintiff's damages were "not liquidated, as a bona fide difference of opinion existed between the parties as to the amount due." *Id.* at 146. The Seventh Circuit disagreed, holding that "[a] court may award prejudgment interest even though a good faith defense exists, and even when the claimed right and the amount due require judicial ascertainment." *Id.* at 146-47; *see also SNA Nut Co. v. Haagen-Dazs Company, Inc*., 302 F.3d 725, 735 (7th Cir. 2002) (under Illinois law, prejudgment interest is appropriate on contracts "even where the amount due requires legal ascertainment"); *Groome v. Freyn Engineering Co.*, 28 N.E.2d 274, 283 (1940) (prejudgment interest is properly awarded on commissions owed to an agent stemming from a beach of the agency agreement).

9.      SMG is entitled to 5% per annum simple interest on the $5,612,500.00 in lost profits damages awarded by the Jury. Five percent of $5,612,500.00 is $280,625.00 per year, or $1,403,125.00, for the five-year period from November 18, 2003 though November 18, 2008. On a per diem basis, an additional $768.84 in interest has accrued during the 80 days from

November 19, 2008 though February 6, 2009, the date of verdict, for a total $1,464,632.20 in prejudgment interest, plus an additional $768.84 in interest until the date judgment is entered.[3]

10.     Accordingly, SMG is entitled to judgment in its favor and against PIL in the amount of $7,077,132.20.  Attached hereto as Exhibit 1 is a form of judgment that SMG requests.

WHEREFORE, for the forgoing reasons, Plaintiff The Smart Marketing Group, Inc. respectfully requests entry of judgment in the form attached as Exhibit 1 in its favor and against Defendant Publications International Ltd. in the amount of $7,077,132.20.

Date:   February 12, 2009                          Respectfully Submitted,

                                                   THE SMART MARKETING
                                                   GROUP, INC.

                                                   By:/s/ Henry M. Baskerville
                                                          One of Its Attorneys

David J. Stetler
William P. Ziegelmueller
Henry M. Baskerville
STETLER & DUFFY, LTD.
11 South LaSalle
Suite 1200
Chicago, Illinois 60603
Office: (312) 338-0200
Fax: (312) 338-0070
dstetler@stetleranduffy.com
bziegel@stetleranduffy.com
hbasker@stetleranduffy.com

---

[3]Arguably, SMG is entitled to compound interest, which if compounded annually would increase the interest award by over $200,000. Because the case law and statute are not clear on this point, SMG only requests simple interest.

## CERTIFICATE OF SERVICE

I, Henry M. Baskerville, an attorney, certify that I caused a copy of **Plaintiff's Motion for Entry of Judgment and Prejudgment Interest** to be filed and served upon the counsel listed below via the Court's CM/ECF online filing system on this 12th day of February, 2009.

TO:     Steven P. Blonder, Esq.
           Matthew Miller, Esq.
           Much, Shelist, Freed, Denenberg, Ament
           & Rubenstein, P.C.
           191 N. Wacker Dr., Suite 1800
           Chicago, IL 60606

                                         /s/ Henry M. Baskerville

David J. Stetler
William P. Ziegelmueller
Henry M. Baskerville
Stetler & Duffy, Ltd.
11 South LaSalle
Suite 1200
Chicago, Illinois 60603
Office: (312) 338-0200
Fax: (312) 338-0070
dstetler@stetleranddduffy.com
bziegel@stetleranddduffy.com
hbasker@stetleranddduffy.com