UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE SMART MARKETING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04-cv-0146 |
| PUBLICATIONS INTERNATIONAL, LTD., | ) ) ) | Judge John W. Darrah |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Smart Marketing Group, Inc. ("SMG"), brought suit against Defendant, Publications International, Ltd. ("PIL"), alleging breach of contract, among other claims. Following an appeal, this case was reassigned to this Court on January 5, 2011, for further proceedings. Before the Court is PIL's Bill of Costs, requesting that the Court tax in its favor the following costs of appeal pursuant to Federal Rule of Appellate Procedure 39(e): $9,698 for the costs of the reporter's transcripts; $455 for the notice of appeal; and $57,866.49 for the costs of superseding judgment. Accompanying PIL's Bill of Costs is an itemization of costs and various supporting documents.

## BACKGROUND

On February 18, 2009, after a jury trial, the district court entered judgment in favor of SMG in the amount of $5,612,500. On June 25, 2009, the district court entered an order approving PIL's Letter of Credit in the amount of $5,646,675 to serve as its *supersedeas* bond to stay the execution of judgment in SMG's favor pending appeal.

PIL subsequently challenged the district court's judgment on damages but did not challenge the judgment on liability. On October 28, 2010, the Seventh Circuit vacated the district court's judgment on damages and remanded the case for further proceedings. *Smart Mktg. Group v. Publ'n. Int'l Ltd.*, 624 F.3d 824 (7th Cir. 2010) (*Smart*). Also on October 28, 2010, the Seventh Circuit issued its Final Judgment, stating that "[c]osts are to be divided evenly." (Dkt. No. 264.) On November 12, 2010, PIL filed a Bill of Costs with the Seventh Circuit, requesting that the Court of Appeals tax in its favor half of its appellate costs. PIL's Bill of Costs was issued on December 14, 2010. The case was thereafter reassigned to this Court for all proceedings on remand.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 39(e) provides:

> The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

Rule 39(a) provides that when an appellate court vacates a district court's judgment, "costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4). This rule gives district courts broad discretion in granting or denying these costs to a successful appellant. *Guse v. J. C. Penney Co., Inc.*, 570 F.2d 679, 681 (7th Cir. 1978); *see also Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 481 F.3d 442, 449 (7th Cir. 2007) (*Republic Tobacco*). Even if the appellate court has already awarded costs to a party pursuant to Fed. R. App. P. 39(c), a district court has the discretion to award a party costs under Fed. R. App. P. 39(e). *Republic Tobacco*, 481 F.3d at 448. The district

court's discretion is limited to awarding costs that are reasonable in the amount and necessary to the litigation. *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995) (*Deimer*).

A court may deny costs because: (1) the losing party is unable to pay or (2) the prevailing party engaged in misconduct. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). To prevent the award of costs as an indigent, a party must show that it "is not likely to be able to pay the costs in the future." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (*McGill*). Regarding misconduct, the conduct of a prevailing party that is worthy of a penalty include: "calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings." *Congregation of the Passion v. Touche, Ross, & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

## ANALYSIS

In awarding costs, "[a] district court simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer*, 58 F.3d at 345. The costs for obtaining court reporter's transcripts may be recovered under Rule 39(e)(2) "if needed to determine the appeal." Fed. R. App. P. 39(e). PIL relied on excerpts from the trial transcripts in its appellate briefs, and the Court of Appeals necessarily reviewed the trial transcripts in ruling that the judgment on damages was not supported by the evidence. *See Smart*, 624 F.3d at 832. The cost of the trial transcripts, therefore, in the amount of $9,698, was "needed to determine the appeal" and is awarded to PIL. PIL further seeks the $455.00 it paid to file its appeal in the Seventh Circuit. Rule 39(e)(4) provides for recovery of an appellate filing fee by an appellant when the

district court's judgment is vacated. The notice of appeal amount is reasonable and necessary in that it is the amount required to institute an appellate case, and it is therefore awarded to PIL.

PIL further seeks the $57,866.49 it paid to supersede the district court's judgment pursuant to Rule 39(e)(3). *Republic Tobacco* is instructive here. In that case, the district court awarded costs to the defendant-appellant associated with obtaining a loan to secure the district court's judgment. *Republic Tobacco*, 481 F.3d. at 449. In light of Rule 39(e), which "only allows a party to recover premiums paid for supersedeas bond or other bond," one of the issues on appeal was whether the district court's award of costs was proper. The Court of Appeals held that a "party may recover the costs of securing judgment if they are paid in lieu of obtaining a supersedeas bond." *Id.* at 450. In this case, PIL obtained a Letter of Credit from JP Morgan, which is the equivalent of obtaining a *supersedeas* bond. *See e.g., Ligurotis v. Whyte*, 951 F.2d 818, 822 (7th Cir. 1992) (noting that a "letter of credit securing the district court's judgment was the equivalent of a supersedeas bond.")

SMG does not question the reasonableness of PIL's costs in securing the judgment, and PIL notes that it chose the Letter of Credit because it was more economical than obtaining a *supersedeas* bond. SMG argues, however, that "[w]hile PIL's desire to post a supersedeas bond is certainly understandable, it was not required to do so, and SMG should not be taxed with the costs associated with PIL's decision." (Resp. at 5.) But if PIL did not stay the judgment pending appeal, it would face the prospect of paying a judgment award that could be vacated on appeal, as occurred here.

4

Fed. R. Civ. P. 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The stay takes effect when the court approves the bond." The Local Rule for the Northern District of Illinois ("LR") 65.1(b) further provides, "Every bond or similar undertaking must be secured." The Rule also states, "An unconditional letter of credit is an approved form of security." LR 65.1(b)(4). Therefore, PIL's cost of superseding the district court's judgment by obtaining a Letter of Credit was necessary. Because PIL's cost of superseding the judgment is also reasonable, PIL is awarded $57,866.49 for the costs of securing the district court's judgment.

SMG sets forth two arguments that awarding PIL the entire costs of its appeal would not be fair. First, SMG argues that the "Court should not tax SMG with costs because the only reason the parties are before the Court is because PIL breached its contract with SMG more than seven years ago." (Br. at 4.) But the Seventh Circuit's holding in *Republic Tobacco* undermines this argument. There, the Court of Appeals affirmed the district court's order taxing the costs on appeal in favor of a defendant-appellant where, in the original appeal, the Seventh Circuit affirmed judgment in plaintiff's favor as to liability but reduced the damages award from $7.44 million to $3 million. *Republic Tobacco*, 481 F.3d at 451. Second, SMG argues that it "has no ability to pay any sum." (Resp. at 4.) SMG, however, does not support its assertion with an affidavit or any evidentiary material; thus, its argument is not persuasive. *Cf. McGill*, 18 F.3d at 459 (While "the inability to pay is a proper factor to be considered in granting or denying taxable costs" and the presumption that costs are to be awarded to the prevailing party "may be overcome by a showing of indigency," [plaintiff] failed to establish in this

record that he was incapable of paying the court-imposed costs at this time or in the future.").

SMG's final argument is that if the Court does award costs, it should do so equally because the Seventh Circuit ordered that the costs shall be divided equally between the parties. (Dkt. No. 264.) However, as SMG notes, the Seventh Circuit's Final Judgment only relates to those costs taxable by the Court of Appeals and does not bind this Court's determination under Fed. R. App. P. 39(e). (Resp. at 5.) *Republic Tobacco* is again instructive here. In affirming the district court's decision to award the defendant-appellant all of its appeal costs, the court stated: "Given the district court's broad discretion in this area, it did not err by awarding appellate costs to [defendant-appellant], particularly where the costs at issue stemmed from Republic's defense of an unreasonably large damages award that we ultimately modified on appeal." *Id.* at 449.

## CONCLUSION

For the reasons discussed above, PIL's Bill of Costs [282] is issued. PIL is awarded the following costs: $9,698 for the costs of the reporter's transcripts; $455 for the notice of appeal; and $57,866.49 for the costs of superseding judgment, for a total of $68,019.49.

Date: May 17, 2011

JOHN W. DARRAH
United States District Court Judge